IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE SIEGALL, | No. C 05-2146 SBA |
| Plaintiff, | (*Related to Case Nos. C 05-2205 SBA and C 05-2373 SBA)* |
| v. | **ORDER** |
| TIBCO SOFTWARE, INC., et al., | [Docket No. 21] |
| Defendants. | |

This matter comes before the Court on Ralph Fenton and Sathya Rajasubramanian's Motion for Consolidation and to Appoint Ralph Fenton and Sathya Rajasubramanian as Lead Plaintiff and to Approve Lead Plaintiff's Selection of Lead Counsel ("Motion for Consolidation and Appointment of Lead Plaintiff"). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS the Motion for Consolidation and Appointment of Lead Plaintiff.

**BACKGROUND**

On May 25, 2005, plaintiff Lance Siegall ("Siegall") commenced a class action litigation against defendants Tibco Software, Inc. ("Tibco"), Vivek Y. Ranadive, Christopher G. O'Meara, Sydney Carey and Rajesh U. Mashruwala (collectively "Defendants") for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder ("the *Siegall* complaint"). In the *Siegall* complaint, Siegall alleges, *inter alia,* that Tibco and certain of its officers and directors violated the Exchange Act by publishing a series of materially false and misleading statements which Defendants knew, and/or deliberately disregarded, were false and materially misleading.

On May 26, 2005, counsel for Siegall caused a notice to be published advising purchasers of Tibco securities of (i) the pendency of the securities class action against Defendants; (ii) the claims asserted therein; (iii) the purported class period of the litigation, *i.e.* September 21, 2004 through March 1, 2005, inclusive; and (iv) the right of any member of the putative class to move the Court to serve as lead plaintiff. *See* Decl. of Elizabeth P. Lin ("Lin Decl.") at Exh. A.

Subsequently, Ronald Bernheim ("Bernheim") and James J. Guzzetti ("Guzzetti") each filed separate class action complaints in this district, on May 31, 2005 and June 10, 2005, respectively, on behalf of themselves, and all those who purchased the securities of Tibco between September 21, 2004 and March 1, 2005 (the "*Bernheim* complaint" and the "*Guzzetti* complaint"). The allegations in the two complaints are the same, namely, they allege, *inter alia*, that Tibco and certain of its officers and directors violated Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, by publishing materially false and misleading statements.

On July 25, 2005, Ralph Fenton and Sathya Rajasubramanian (collectively "Movants") filed the instant Motion for Consolidation and Appointment of Lead Plaintiff. No other members of the putative class have filed motions requesting to be appointed as Lead Plaintiff. On July 26, 2005 this Court ordered that the *Siegall, Bernheim,* and *Guzzetti* cases be deemed related.

At the time the Motion for Consolidation and Appointment of Lead Plaintiff was filed, neither of the Movants had complied with Civil Local Rule 3-7(c), which sets forth the filing and certification requirements that parties must observe in private securities actions brought in the Northern District of California. Specifically, although the certifications submitted by Movants stated that they had reviewed a complaint filed in this matter, neither certification specified which complaint had been reviewed, whether either Mr. Fenton or Ms. Rajasubramanian adopted the allegations of the complaint reviewed, or, which allegations he or she intended to assert. Accordingly, on September 13, 2005, Defendants filed a limited opposition to the Motion for Consolidation and Appointment of Lead Plaintiff, in which they stated that they did not oppose the consolidation of the above-referenced cases, but opposed the appointment of Movants as Lead Plaintiffs on the grounds that Movants had failed to comply with Civil

2

Local Rule 3-7.

Consequently, on November 14, 2005, this Court ordered Movants to submit within ten (10) days of the Order amended certifications in compliance with Civil Local Rule 3-7(c). The Court also ordered Defendants to file any objections within three days of the submission of the amended certifications. On November 23, 2005, Movants filed their amended certifications. No objections were filed, and the Court took the matter under submission.

## **LEGAL STANDARD**

### A.   Consolidation

Federal Rule of Civil Procedure 42(a) provides that "when actions involving common questions of law or fact are pending before the court, it . . . may order all the actions consolidated[.]" Fed. R. Civ. P. 42(a). The district court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989). The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).

Additionally, the Private Securities Litigation Reform Act ("PSLRA") directs that cases should be consolidated when more than one action is filed on behalf of a class asserting substantially the same claim or claims. *See In re Cendant Corp.Litig.*, 182 F.R.D. 476, 478 (D.N.J.1998) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Further, 15 U.S.C. § 78u-4(a)(3)(B)(ii) requires that any motions for consolidation be decided first, and that "as soon as practicable" thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

### B.   Appointment of Lead Plaintiff

The selection of the lead plaintiff is governed by the PSLRA. Further, in this jurisdiction, Civil Local Rule 3-7 provides additional filing and certification requirements for private securities class actions.

Under the PSLRA, the plaintiff who files the first class action complaint must publish a notice

advising members of the purported class of the (i) pendency of the action, (ii) the claims asserted therein, (iii) the purported class period, and (iv) the option of any member of the purported class to move to be appointed as lead plaintiff of the purported class no later than sixty days after the date on which the notice is published. *See* 15 U.S.C. § 78u-4(a)(3)(A).

After notice is published, the Court shall consider any motion by a class member and shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereafter . . . referred to as the most adequate plaintiff)[.]" *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

In selecting the lead plaintiff,

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that -
> (aa) has either filed the complaint or made a motion [for designation as lead plaintiff];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Moreover, the presumption that a plaintiff is adequate may be rebutted:

> only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -
> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth above, in addition to compliance with the PSLRA, litigants must also comply with Civil Local Rule 3-7. Subsections (b) and (c) of Rule 3-7 set forth the requirements parties must comply with when seeking appointment as lead plaintiff. Here, subsection (c) is the applicable section. This rule states, in relevant part:

> Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff. Any part seeking to serve as lead plaintiff, but who does not also file a complaint, need not file the certification required in Civil L.R. 3-7(b), but must at the time of initial appearance state that the party has reviewed a complaint filed in the

4

action and either:

1) Adopts its allegations or, if not;

2) Specifies the allegations the party intends to assert.

Civ. L.R. 3-7(c) (emphasis in original omitted).

The lead plaintiff selected by the Court has the discretion to retain counsel of its choice to represent the class, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## ANALYSIS

**A.   Motion for Consolidation**

Here, the parties agree the *Siegall, Berheim* and *Guzetti* cases should be consolidated. All three of the securities actions present substantially similar, if not identical, factual and legal claims against the same defendants. This Court previously found the cases related. In light of the common questions of law or fact, and in the interests of avoiding unnecessary costs or delays, consolidation is therefore appropriate. Accordingly, pursuant to Federal Rule of Civil Procedure 42(a), this Court hereby GRANTS Movants' request for consolidation.

**B.   Motion for Appointment of Lead Plaintiff and For Approval of Lead Counsel**

**1.   Appointment of Lead Plaintiff**

In their Motion, Movants Ralph Fenton and Sathya Rajasubramanian seek to be appointed as Lead Plaintiffs. Movants are the only members of the purported class seeking appointment as Lead Plaintiffs.

The Court notes that it may adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person or group of persons who: (1) brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

**(a)   Publication of notice**

Here, the Court finds that the notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I)

5

1  and (II) have been satisfied. Specifically, on May 26, 2005, counsel for Siegall caused a notice to be
2  published advising purchasers of Tibco securities of (i) the pendency of the securities class action
3  against Defendants; (ii) the claims asserted therein; (iii) the purported class period of the litigation; and
4  (iv) the right of any member of the purported class to move the Court to serve as lead plaintiff on or
5  before July 25, 2005. *See* Lin Decl. at Ex. A. Movants satisfied 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) by
6  timely moving for appointment as Lead Plaintiffs on July 25, 2005.

### (b)     Financial Interest

The Court also finds that Ralph Fenton and Sathya Rajasubramanian have the largest demonstrated financial interest in this case. Although the PSLRA does not provide any specific guidance with respect to the appropriate method of calculating which plaintiff has the "largest financial interest," district courts typically equate "largest financial interest" with the amount of potential recovery. *See, e.g., In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2001); *see also In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999).

Here, the documentation submitted to the Court shows that Mr. Fenton purchased 4,540 shares of Tibco securities in November and December of 2004 for a total purchase price of $49,721.80, and sold his Tibco securities on April 15, 2005, following the close of the proposed Class Period, for an estimated loss of $16,357.06.[1] The documentation also shows that Ms. Rajasubramanian purchased 2,500 shares of Tibco securities during the proposed Class Period for a total purchase price of $28,075.00. Ms. Rajasubramanian has not yet sold her shares, but, as of July 25, 2005, she estimated that her loss of value on the shares was approximately $10,389.52.

---

[1] The Court notes, however, that there is a discrepancy in the documents submitted to this Court. Specifically, in his Certification, Mr. Fenton states that, on April 15, 2005, in two separate transactions, he sold 4,540 shares of Tibco stock at $6.72 per share. However, Movants also state that Mr. Fenton sold his Tibco shares at approximately $7.35. This results in a difference of approximately $2,860.20. Although the Court does not condone the careless filing of inaccurate pleadings and motion papers, in light of the fact that Mr. Felton and Ms. Rajasubramanian are the sole parties seeking to be appointed as Lead Plaintiffs, the Court finds that Mr. Felton is still entitled to the presumption that he has the largest financial interest, regardless of this $2,860.20 discrepancy. *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996) (finding that, when only one person or group has moved to serve as lead plaintiff, that person or group presumptively has the largest financial interest in the relief sought).

6

Accordingly, the Court concludes that, collectively, Movants have demonstrated that they have the largest financial interest in the relief sought by the class within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Together, Movants purchased 7,040 shares of Tibco during the proposed Class Period at a total price of $77,796.80 and sustained an estimated loss of approximately $26,746. *See* Lin Decl. at Ex. C.

### (c) Certification of Named Plaintiff and Compliance with Local Rule 3-7

The Court also finds that Movants have complied with 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi) and have now complied with the requirements of Civil Local Rule 3-7. Specifically, each has submitted a sworn amended certification stating that: (a) he or she has reviewed the *Guzzetti* complaint and has adopted its allegations; (b) he or she did not purchase shares of Tibco at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws; (c) he or she is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary; (d) in the past three years, he or she has not sought to serve, and has not served, as a representative party on behalf of a class in any private federal securities action; and (e) he or she will not accept any payment for serving as a representative party on behalf of the class beyond his or her pro rata share of any recovery, with the exception of the reasonable costs and expenses that relate to his or her representation of the class.

### (d) Rule 23(a)

Additionally, Movants have satisfied the requirements set forth in Federal Rule of Civil Procedure 23. Rule 23 requires that the Court find that:

  (1) the class is so numerous that joinder of all members is impracticable,

  (2) there are questions of law or fact common to the class,

  (3) the claims or defenses of the representative class are typical of the claims and defenses of the class, and

  (4) the representatives of the parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of "typicality" and adequacy of representation are the key factors. *See In re David Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA.").

The "typicality" requirement is satisfied when: (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct. *See Armour*, 171 F. Supp. 2d at 1052. The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class, and when the proposed lead plaintiff has retained experienced and capable counsel. *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).

Here, Movants allege that, due to Defendants' allegedly false and misleading representations concerning Tibco, they suffered damages when they purchased Tibco securities during the purported Class Period. Movants' claims are therefore typical of the claims of other members of the class. Additionally, it appears that Movants' interests are aligned with those of the other class members, and there is no evidence of any antagonism between Movants' interests and those of the purported class. Further, Movants have obtained qualified and experienced counsel, and, as set forth in their certifications, Movants state that they are willing to assume the responsibilities of class representatives. *See* Lin Decl. at Ex. B. These factors demonstrate that Movants' claims are typical of those of the purported class, as required by Rule 23(a)(3), and that Movants will fairly and adequately represent the interests of the purported class, as required by Rule 23(a)(4).

Accordingly, the Court hereby GRANTS Movants' request and hereby APPOINTS Ralph Fenton and Sathya Rajasubramanian to serve as Lead Plaintiffs.

8

**2.     Selection of Counsel**

As a final matter, the Court also notes that Movants have requested that the Court approve their selection of Millberg Weiss Bershad & Schulman LLP ("Millberg Weiss") to serve as Lead Counsel. The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).

Movants contend that the Court should approve the firm of Millberg Weiss as Lead Counsel because the firm possesses extensive experience in litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injury investors. *See* Lin Decl. at Exh. D.  Having reviewed the firm's resume, the Court is satisfied that Millberg Weiss is sufficiently qualified and experienced in securities class action litigation.

As such, the Court hereby APPROVES Lead Plaintiffs' selection of counsel, Millberg Weiss.

**CONCLUSION**

IT IS HEREBY ORDERED THAT the Motion for Consolidation and Appointment of Lead Plaintiff is [Docket No. 21] is GRANTED.  Accordingly, Ralph Fenton and Sathya Rajasubramanian are HEREBY APPOINTED to serve as Lead Plaintiffs.

IT IS FURTHER ORDERED THAT Lead Plaintiffs' selection of Millberg Weiss Bershad & Schulman LLP to serve as Lead Counsel is APPROVED.

IT IS FURTHER ORDERED AS FOLLOWS:

1. Pursuant to Federal Rule of Civil Procedure 42(a), *Siegall v. Tibco Software, Inc., et al.*, Case No. C 05-2146 SBA, *Bernheim v. Tibco Software, Inc., et al.*, Case No. C 05-2205 SBA, and *Guzzetti v. Tibco Software, Inc., et al.*, Case No. C 05-2373 SBA are hereby consolidated into Civil Action No. C 05-2146 SBA for pretrial proceedings before this Court. The consolidated action shall be captioned: "*In re Tibco Software, Inc. Securities Litigation*."

2. All related actions that are subsequently filed in, or transferred to, this district shall be

consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of this Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is mailed to the party's counsel.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

4. Every pleading filed in the consolidated action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TIBCO SOFTWARE, INC. SECURITIES LITIGATION<br>_____ | Master File No. C 05-2146 SBA<br><br>CLASS ACTION |
| This Document Relates To:<br>_____ | |

5. The file in Civil Action No. C 05-2146 shall constitute the Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (*e.g.*, "No. C 05-2373 SBA (Guzzetti)").

6. The parties shall file an administrative motion pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this district. If the Court determines that the case is related, the clerk shall:

        (a) place a copy of this Order in the separate file for such action;

        (b) serve on plaintiff's counsel in the new case a copy of this Order;

        (c) direct that this Order be served upon defendants in the new case; and

        (d) make the appropriate entry in the Master Docket.

7. Lead Counsel shall have the authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations. Lead Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. Lead Counsel shall be responsible for communications with the Court. Lead Counsel shall maintain a master service list of all parties and counsel.

8. Defendants' counsel may rely upon agreements made with Lead Counsel. Such agreements shall be binding on all plaintiffs.

9. Defendants are not required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint.

10. Lead Plaintiffs shall file a consolidated complaint within **twenty (20) days** of the filing date of this Order. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

11. Defendants shall respond to the consolidated complaint **within thirty (30) days** after it is filed. If Defendants file any motions directed at the consolidated complaint, the motion(s) must be noticed for the <u>first</u> available hearing date following the applicable notice period. Any opposition or reply briefs must be filed by the deadlines set forth in Civil Local Rule 7-3. The parties may **not** alter the deadlines set forth herein without first seeking leave of Court and demonstrating the existence of good cause.

IT IS FURTHER ORDERED THAT the parties shall appear for a <u>telephonic</u> Case Management

11

Conference on **May 17, 2006 at 2:30 p.m.**  The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference.  The Case Management Conference Statement shall specifically set forth the parties' proposed schedule for class certification discovery and for the briefing and hearing of the motion for class certification. Lead Counsel shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 2/24/06

SAUNDRA BROWN ARMSTRONG
United States District Judge